UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MINGXU JIN,

              Plaintiff,

              -v.-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

              Defendant.

22 Civ. 8113 (KPF)

**TRANSFER ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Mingxu Jin of Flushing, Queens County, New York, brings this *pro se* action seeking *mandamus* relief with respect to the alleged failure of United States Citizenship and Immigration Services ("USCIS") to issue a decision as to Plaintiff's application for asylum and for withholding of removal.[1] Plaintiff sues USCIS. (Dkt. #1 ("Complaint")). The Court construes Plaintiff's complaint as seeking *mandamus* relief under 28 U.S.C. § 1361, and additional or alternative relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 703. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391, claims for *mandamus* relief and APA relief can be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

---

[1] Plaintiff has paid the fees to bring this action.

> action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See id.* § 1391(c)(1), (2).

Plaintiff, who resides in Queens County, does not sue any individuals, and does not specify where the events giving rise to the claims occurred. Plaintiff does, however, list a Bethpage, Nassau County, New York, address for Defendant USCIS (Complaint 4), and the claims do not involve any real property. Both Queens and Nassau Counties are located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, while Plaintiff has alleged no facts showing that this Court is a proper venue for this action, because Plaintiff resides in Queens County, and because the alleged events giving rise to Plaintiff's claims may have occurred in Nassau County, the United States District Court for the Eastern District of New York is a proper venue for this action. *See id.* § 1391(e)(1)(B), (C).

If a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, because this Court is not a proper venue for this action, in the interest of justice, the Court transfers this action to the only proper venue for this action, the United States District Court for the Eastern District of New York. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 3, 2022
       New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge